# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2012

Lyle W. Cayce
Clerk

No. 11-50539
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO MARTINEZ-MENDOZA, also known as Alberto Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-315-1

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alberto Martinez-Mendoza pled guilty to one count of unlawful reentry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced him to 41 months in prison, at the bottom of the guidelines range of 41 to 51 months. Martinez-Mendoza now appeals, arguing that § 2L1.2 of the United States Sentencing Guidelines leads to double-counting of criminal history, is not empirically based, and results in excessive sentences; that his sentencing range overstates the seriousness of his illegal reentry offense, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he asserts is simply an international trespass; that his criminal history was overrepresented; and that the district court did not take into account his history and characteristics, including his youth and clean record.

We review sentences for reasonableness, employing a deferential abuse-of-discretion standard, and we presume that a sentence within a properly calculated guidelines range is reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The purported double-counting and lack of empirical basis for § 2L1.2 do not necessarily render a within-guidelines sentence unreasonable. *See, e.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). As for his criminal record, Martinez-Mendoza had a prior conviction for assault and battery with a dangerous weapon, a conviction for driving under the influence, and prior unlawful entries that were not prosecuted. With respect to his international trespass argument, as we have previously noted in rejecting such an argument, "Congress considers illegal reentry into the United States subsequent to a conviction for an aggravated felony an extremely serious offense punishable by up to twenty years in prison." *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

We discern no improper weighing of any of the factors cited by Martinez-Mendoza. His mere disagreement with the court's assessment of the sentencing factors is insufficient to rebut the presumption that the sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

As Martinez-Mendoza properly concedes, his contention that because § 2L1.2 is not empirically based, the presumption of reasonableness should not apply, is foreclosed. *See Duarte*, 569 F.3d at 529-31; *United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009).

AFFIRMED.